IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTIAN ANDZEL, On Behalf of Himself and All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 3:25-cv-7 |
| EVERYBODY WANTS SOME LLC (a/k/a So Clutch Group and Vice Park), | § § § | FLSA COLLECTIVE ACTION |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Christian Andzel ("Plaintiff") files this Original Complaint against Everybody Wants Some LLC (a/k/a So Clutch Group and Vice Park) ("Defendant"), showing in support as follows:

### I.    NATURE OF THE CASE

1.    This is a civil action brought by Plaintiff, on behalf of himself and all others similarly situated, pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA"). Plaintiff asserts individual and collective action FLSA claims against Defendant for minimum wage violations.

2.    From approximately July 25, 2024 to approximately November 15, 2024, Plaintiff was employed by Defendant as a tipped employee at its bar/restaurant known as Vice Park in Dallas, Texas.

3.    Defendant violated the FLSA's minimum wage law because it did not pay Plaintiff any wages for hours he worked for Defendant between approximately July 25, 2024 to approximately October 28, 2024 by the required pay dates for same. Instead, Plaintiff received only tips during that time period.

4.    Defendant violated the FLSA's minimum wage provision as to Plaintiff on and after October 29, 2024 because it purported to pay Plaintiff on a tip credit basis, but did not inform Plaintiff of its use of a tip credit in compliance with the FLSA.

5.    Plaintiff, on behalf of himself and all others similarly situated, seeks all damages available pursuant to the FLSA, including unpaid minimum wages, liquidated damages, reasonable legal fees, costs, and post-judgment interest.

## II.    THE PARTIES, JURISDICTION, AND VENUE

**A.    Plaintiff Christian Andzel**

6.    Plaintiff is a natural person. Plaintiff is a resident of Tarrant County, Texas.

7.    Plaintiff performed the work for Defendant made the subject matter of this lawsuit in Dallas County, Texas.

**B.    Putative Collective Action Members**

8.    The putative collective action members are all current and/or former tipped employees of Defendant, within the FLSA's maximum limitations period, who are similarly situated to Plaintiff.

**C.    Defendant Everybody Wants Some LLC (a/k/a So Clutch Group and Vice Park)**

9.    Defendant is a domestic for-profit limited liability company.

10.    Defendant's principal place of business is 2525 McKinnon Street, Suite 200, Dallas Texas 75201.

11.    Defendant is registered with the Texas Secretary of State to transact business in Texas.

12.    In 2021, 2022, 2023, and 2024 Defendant was an "enterprise engaged in commerce" as that phrase is used in connection with the FLSA.

13.    In 2021, 2022, 2023, and 2024, Defendant employed two or more employees.

14.    In 2021, 2022, 2023, and 2024, Defendant employed two or more employees who engaged in commerce and/or who handled, sold, and/or otherwise worked on goods and/or materials that have been moved in and/or produced for commerce by any person. Examples of such goods and/or materials include beverages, food, payment processing equipment, televisions, computers, computer accessories, and phones.

15.    On information and belief, Defendant had annual gross sales or business volume in excess of $500,000 during 2021, 2022, 2023, and 2024.

16.    Defendant may be served with summons and a copy of this document through its registered agent, Jonathan Valz, 2525 McKinnon Street, Suite 200, Dallas Texas 75201.

**D.    <u>Jurisdiction and Venue</u>**

17.    The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

18.    The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claims on federal law, namely the FLSA.

19.    Jurisdiction and venue are proper in this Court because Defendant's principal place of business is in Dallas County, Texas.

### III.    <u>FACTUAL BACKGROUND</u>

20.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

21.    Plaintiff was employed by Defendant from approximately July 25, 2024 to approximately November 15, 2024.

22.    Plaintiff primarily worked for Defendant at its bar and restaurant known as Vice Park at 2601 Gaston Avenue, Dallas, Texas 75226.

23.    Plaintiff primarily worked for Defendant as a bartender.

24.    Plaintiff customarily and regularly received more than $30 per month in tips as an employee of Defendant.

25.    Plaintiff worked with numerous other employees of Defendant who, like Plaintiff, were tipped employees.

26.    Relative to hours worked by Plaintiff for Defendant from approximately July 25, 2024 to approximately October 28, 2024, Defendant did not pay Plaintiff any wages by the required pay dates for same. Instead, Plaintiff received only tips. During such time period, Plaintiff routinely worked approximately 10 to 13 hours per seven-day workweek. Defendant's failure to pay Plaintiff any wages for hours worked during that time period by the required pay dates for same violates the FLSA.

27.    On or about November 18, 2024, Plaintiff received an earnings statement from Defendant for the pay period between October 28, 2024 to November 10, 2024 paying him $2.19 per hour. Such earnings statement purports to pay Plaintiff on a tip credit basis with cash hourly pay of $2.19 per hour worked.

28.    Defendant failed to inform Plaintiff of its use of a tip credit, including the amount of Plaintiff's cash wage, the amount of the tip credit claimed by Defendant, that the tip credit amount claimed may not exceed the value of the tips actually received, that all tips received must be retained by Plaintiff except for a tip pooling arrangement limited to employees who customarily and regularly receive tips, and that the tip credit shall not apply to any employee who has not been informed of all of these requirements. Therefore, Defendant must be divested of its statutory tip credit for all workweeks in the relevant time period for which such notice was not provided in advance.

## IV.    <u>CONTROLLING LEGAL RULES</u>

29.    The FLSA provides that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at … not less than … $7.25 an hour." 29 U.S.C. § 206(a)(1)(C). However, "[t]he FLSA contains an exception which permits employers to pay 'tipped employees' less than the minimum wage—$2.13 per hour—when the tipped employees' tips make up the difference to the minimum wage." *Ettorre v. Russos Westheimer, Inc.*, No. 21-20344, 2022 WL 822181, at *2 (5th Cir. Mar. 18, 2022) (citing 29 U.S.C. § 203(m)). "The employer's discount is called the tip credit." *Id.* (citing 29 U.S.C. § 203(m); *Montano v. Montrose Rest. Assocs., Inc.*, 800 F.3d 186, 188 (5th Cir. 2015).

30.    A "tipped employee" is any employee engaged in an occupation in which he customarily and regularly receives more than $30 per month in tips. 29 U.S.C. § 203(t).

31.    "[A]n employer must affirmatively inform its tipped employees of the tip credit components." *Ettorre*, 2022 WL 822181, at *2 (citing *Martin v. Tango's Restaurant, Inc.*, 969 F.2d 1319, 1323 (1st Cir. 1992); *Bernal v. Vankar Enterprises, Inc.*, 579 F. Supp. 2d 804, 808–09 (W.D. Tex. 2008). "An employer must inform tipped employees of its use of the tip credit including the amount of the employee's cash wage, the amount of the tip credit claimed by the employer, that the amount claimed may not exceed the value of the tips actually received, that all tips received must be retained by the employee except for a tip pooling arrangement limited to employees who customarily and regularly receive tips, and that the tip credit shall not apply to any employee who has not been informed of all of these requirements." *Id.* (citing 29 U.S.C. § 203(m); 29 C.F.R. § 531.59(b)). "If an employer fails to comply with § 203(m)'s requirements, it 'must be divested of

its statutory tip credit for the relevant time period.'" *Id.* (citing *Steele v. Leasing Enters., Ltd.*, 826 F.3d 237, 246 (5th Cir. 2016)).

32.    "The employer bears the burden to prove it is entitled to the tip credit." *Id.* (citing *Montano*, 800 F.3d at 189).

33.    "[N]o tip credit may be taken 'with respect to any tipped employee unless ... all tips received by such employee have been retained by the employee except in cases in which tips are pooled "among employees who customarily and regularly receive tips.'" *Bernal*, 579 F. Supp. 2d at 807 (citing 29 U.S.C. § 203(m)).

34.    Even if an employer provides tip credit notice that, standing alone, would satisfy 29 U.S.C. § 203(m)'s notice requirement, the notice fails if the employer also gives instructions that directly contravene the requirements of 29 U.S.C. § 203(m). *See Wright v. U-Let-Us Skycap Services, Inc.*, No. CV 83-K-1374, 2010 WL 11545440, at *3 (D. Colo. July 25, 1985).

35.    "An employer will not be permitted to take a tip credit where its tipped employees kick-back, either directly or indirectly, to the employer for anything other than 'the reasonable cost' of furnishing an employee with 'board, lodging, or other facilities,' . . . ." *Brixey v. McAdoo's Seafood Co.*, LLC, No. SA-23-CV-00232-DAE, 2024 WL 57011, at *1 (W.D. Tex. Jan. 2, 2024) (quoting 29 U.S.C. § 203(m)(1); 29 C.F.R. § 531.35).

36.    The FLSA requires wage payments to employees to be "free and clear." *See* 29 C.F.R. § 531.35 ("Whether in cash or in facilities, wages cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or free and clear. The wage requirements of the [FLSA] will not be met where the employee kicks-back directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. This is true whether the kick-back is made in cash

or in other than cash. For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the [FLSA] in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the [FLSA]." (quotations omitted)).

37.    The FLSA mandates that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." 29 U.S.C. § 203(m)(2)(B).

38.    The FLSA provides that "[a]ny employer who violates [29 U.S.C. § 203(m)(2)(B)] shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Furthermore, an award of reasonable attorney's fees and costs shall be awarded to a prevailing plaintiff under the FLSA. *Id.*

39.    Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Among other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, occupation, time of day and day of week which the workweek begins, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

40.    With respect to tip credit paid employees, employers are required to maintain records showing certain data, including a symbol, letter or other notation placed on the pay records identifying each employee whose wage is determined in part by tips, weekly or monthly amount reported by the employee, to the employer, of tips received, amount by which the wages of each tipped employee have been deemed to be increased by tips as determined by the employer (not in excess of the difference between $2.13 and the applicable minimum wage specified in [29 U.S.C. § 206(a)(1)(C)]), hours worked each workday in any occupation in which the employee does not receive tips, and total daily or weekly straight-time payment made by the employer for such hours, hours worked each workday in occupations in which the employee receives tips, and total daily or weekly straight-time earnings for such hours. *See* 29 C.F.R. § 516.28.

*41.*    An employee is employed for purposes of the FLSA if the employer has "knowledge, actual or constructive, that [s]he was working." *Mack v. Avara Community Health Services, Inc.,* No. 3:13-CV-1976-P, 2016 WL 4801306, at *2 (N.D. Tex. Feb. 5, 2016) (citing *Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995)). "Constructive knowledge exists if by exercising reasonable diligence an employer would become aware that an employee is working overtime." *Von Friewalde v. Boeing Aero. Operations, Inc.*, 339 F. App'x 448, 455 (5th Cir. 2009) (quotations and citation omitted). "[I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so." 29 C.F.R. § 785.13; *accord Newton*, 47 F.3d at 748.

42.    Hourly paid employees must be paid at least twice per month. Tex. Lab. Code § 61.011(b).

43.    If wages are paid twice a month, each pay period must consist as nearly as possible of an equal number of days. Tex. Lab. Code § 61.011(c).

44.    Employers are required to designate paydays in accordance with Texas Labor Code Section 61.011. Tex. Lab. Code § 61.012. If the employer does not designate paydays per Section 61.011, then the employee's paydays are the first and 15th of each month. Tex. Lab. Code § 61.012(b).

45.    Under the FLSA, "a cause of action accrues at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed." *McIntyre v. Collin Bryan Constr. LLC*, 3:22-CV-1267-K, 2023 WL 3259754, at *5 (N.D. Tex. Apr. 19, 2023), *report and recommendation adopted*, 3:22-CV-1267-K, 2023 WL 3259493 (N.D. Tex. May 4, 2023) (citing *Halferty v. Pulse Drug Co., Inc.*, 821 F.2d 261 (5th Cir. 1987), *opinion modified on reh'g*, 826 F.2d 2 (5th Cir. 1987) (brackets omitted)).

46.    "Any employer who violates the provisions of [29 U.S.C. § 206] … shall be liable to the employee or employees affected in the amount of their unpaid minimum wages … and in an additional equal amount as liquidated damages. … The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the employer, and costs of the action." 29 U.S.C. § 216(b).

## V.    FLSA CLAIMS

47.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

48.    Defendant is an eligible and covered employer under the FLSA relative to the claims in this lawsuit. 29 U.S.C. § 203(d).

49.     In 2021, 2022, 2023, and 2024, Defendant is and/or was an eligible and covered employer under the FLSA relative to the claims in this lawsuit. 29 U.S.C. § 203(d).

50.     In 2021, 2022, 2023, and 2024, Defendant is and/or was an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

51.     Plaintiff was an employee of Defendant in 2024 pursuant to the FLSA. 29 U.S.C. § 203(e).

52.     Plaintiff was a covered employee under 29 U.S.C. § 203(m)(2) and 29 U.S.C. § 206(a)(1) relative to his claims in this lawsuit.

53.     Defendant failed to pay Plaintiff any wages for his hours worked during the time period between approximately July 25, 2024 to approximately October 28, 2024 by the required pay dates for same. As a result, Defendant violated the FLSA. 29 U.S.C. § 203(m)(2) and 29 U.S.C. § 206(a)(1).

54.     Defendant failed to inform Plaintiff of its use of a tip credit, including the amount of Plaintiff's cash wage, the amount of the tip credit claimed by Defendant, that the tip credit amount claimed may not exceed the value of the tips actually received, that all tips received must be retained by the Plaintiff except for a tip pooling arrangement limited to employees who customarily and regularly receive tips, and that the tip credit shall not apply to any employee who has not been informed of all of these requirements." *Id.* (citing 29 U.S.C. § 203(m); 29 C.F.R. § 531.59(b)). As a result, Defendant violated the FLSA as to Plaintiff on and after October 28, 2024 (and any other times it contends Plaintiff was paid on a tip credit basis) because it did not inform Plaintiff of its use of a tip credit in compliance with the FLSA.

55.     Defendant's violations of the FLSA are and/or were willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiff was not paid at least the FLSA minimum hourly wage for each hour worked per seven-day workweek.

## VI.     FLSA COLLECTIVE ACTION

56.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

57.     Plaintiff seeks to represent a collective action under 29 U.S.C. § 216(b) on behalf of himself and all current and/or former tipped employees of Defendant, within the FLSA's maximum limitations period, who are similarly situated to Plaintiff.

58.     The putative collective action members are and/or were tipped employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

59.     The putative collective action members are and/or were covered employees of Defendant under 29 U.S.C. § 203(m)(2) and 29 U.S.C. § 206(a)(1).

60.     To the extent that Defendant did not pay the putative collective action members any wages by the required pay dates for same, such practice violates the FLSA.

61.     To the extent that Defendant purported to pay putative collective action members on a tip credit basis without informing them of its use of a tip credit in compliance with the FLSA, such practice violates the FLSA.

62.     Plaintiff reserves the right to establish sub-classes and/or modify collective action definition in any motion for collective action certification or other filing.

## VII.    DAMAGES AND PRAYER

63.    Plaintiff asks that the Court issue summons for Defendant to appear and answer, and that Plaintiff, on behalf of himself and all others similarly situated, be awarded judgment(s) against Defendant and/or order(s) from the Court for the following:

a.  Certification of a FLSA collective action and notice to the putative collective action members,

b.  Unpaid minimum wages,

c.  Liquidated damages,

d.  Reasonable legal fees,

e.  Costs,

f.  Post-judgment interest, and/or

g.  All other relief to which Plaintiff and the collective action members are justly entitled.

Date: January 2, 2025.


Respectfully submitted,


By:    s/ Allen R. Vaught
　　　　 Allen R. Vaught
　　　　 Attorney-In-Charge
　　　　 TX Bar No. 24004966
　　　　 Vaught Firm, LLC
　　　　 1910 Pacific Ave., Suite 9150
　　　　 Dallas, Texas 75201
　　　　 (972) 707-7816 – Telephone
　　　　 (972) 591-4564 – Facsimile
　　　　 avaught@txlaborlaw.com

ATTORNEY FOR PLAINTIFF

*Plaintiff's Original Complaint – Page* 12